**Fill in this information to identify the case:**

United States Bankruptcy Court for the:

SOUTHERN DISTRICT OF NEW YORK, POUGHKEEPSIE DIVISION

Case number *(if known)* _____    Chapter    11

☐ Check if this is an
   amended filing

Official Form 201

# Voluntary Petition for Non-Individuals Filing for Bankruptcy

04/25

If more space is needed, attach a separate sheet to this form. On the top of any additional pages, write the debtor's name and the case number (if known). For more information, a separate document, *Instructions for Bankruptcy Forms for Non-Individuals,* is available.

| | | |
|---|---|---|
| 1. | Debtor's name | MSUR MM LLC |
| 2. | All other names debtor used in the last 8 years <br><br> Include any assumed names, trade names and *doing business as* names | |
| 3. | Debtor's federal Employer Identification Number (EIN) | 86-2523711 |

4. **Debtor's address**

| **Principal place of business** | **Mailing address, if different from principal place of business** |
|---|---|
| 1405 N. Broad St. <br> Suite 210 <br><br> Hillsdale, NJ 07025 <br> Number, Street, City, State & ZIP Code | <br><br><br> P.O. Box, Number, Street, City, State & ZIP Code |
| Bergen <br> County | **Location of principal assets, if different from principal place of business** <br> 475 West Broadway Monticello, NY 12701 <br> Number, Street, City, State & ZIP Code |

5. **Debtor's website** (URL) _____

6. **Type of debtor**

☒ Corporation (including Limited Liability Company (LLC) and Limited Liability Partnership (LLP))
☐ Partnership (excluding LLP)
☐ Other. Specify: _____

Debtor   MSUR MM LLC _____     Case number (if known) _____
          Name

**7. Describe debtor's business**

A. *Check one:*

☐ Health Care Business (as defined in 11 U.S.C. § 101(27A))
☒ Single Asset Real Estate (as defined in 11 U.S.C. § 101(51B))
☐ Railroad (as defined in 11 U.S.C. § 101(44))
☐ Stockbroker (as defined in 11 U.S.C. § 101(53A))
☐ Commodity Broker (as defined in 11 U.S.C. § 101(6))
☐ Clearing Bank (as defined in 11 U.S.C. § 781(3))
☐ None of the above

B. *Check all that apply*

☐ Tax-exempt entity (as described in 26 U.S.C. §501)
☐ Investment company, including hedge fund or pooled investment vehicle (as defined in 15 U.S.C. §80a-3)
☐ Investment advisor (as defined in 15 U.S.C. §80b-2(a)(11))

C. NAICS (North American Industry Classification System) 4-digit code that best describes debtor. See http://www.uscourts.gov/four-digit-national-association-naics-codes.

__5313__

**8. Under which chapter of the Bankruptcy Code is the debtor filing?**

*Check one:*

☐ Chapter 7
☐ Chapter 9
☒ Chapter 11. *Check all that apply:*

 ☐ Debtor's aggregate noncontingent liquidated debts (excluding debts owed to insiders or affiliates) are less than $3,424,000 (amount subject to adjustment on 4/01/28 and every 3 years after that).

 ☐ The debtor is a small business debtor as defined in 11 U.S.C. § 101(51D). If the debtor is a small business debtor, attach the most recent balance sheet, statement of operations, cash-flow statement, and federal income tax return or if all of these documents do not exist, follow the procedure in 11 U.S.C. § 1116(1)(B).

 ☐ The debtor is a small business debtor as defined in 11 U.S.C. § 101(51D), and it chooses to proceed under Subchapter V of Chapter 11.

 ☐ A plan is being filed with this petition.

 ☐ Acceptances of the plan were solicited prepetition from one or more classes of creditors, in accordance with 11 U.S.C. § 1126(b).

 ☐ The debtor is required to file periodic reports (for example, 10K and 10Q) with the Securities and Exchange Commission according to § 13 or 15(d) of the Securities Exchange Act of 1934. File the *Attachment to Voluntary Petition for Non-Individuals Filing for Bankruptcy under Chapter 11* (Official Form 201A) with this form.

 ☐ The debtor is a shell company as defined in the Securities Exchange Act of 1934 Rule 12b-2.

☐ Chapter 12

**9. Were prior bankruptcy cases filed by or against the debtor within the last 8 years?**
If more than 2 cases, attach a separate list.

☒ No.
☐ Yes.

District _____ When _____ Case number _____
District _____ When _____ Case number _____

**10. Are any bankruptcy cases pending or being filed by a business partner or an affiliate of the debtor?**

☐ No
☒ Yes.

List all cases. If more than 1, attach a separate list

Debtor   CIG MM LLC _____   Relationship   Affiliate _____

District   Southern New York ____   When _____   Case number, if known _____

Official Form 201          Voluntary Petition for Non-Individuals Filing for Bankruptcy          page 2

Debtor    MSUR MM LLC _____    Case number (if known) _____
         Name

| | | |
|---|---|---|
| 11. **Why is the case filed in this district?** | *Check all that apply:* | |
| | ☒ Debtor has had its domicile, principal place of business, or principal assets in this district for 180 days immediately preceding the date of this petition or for a longer part of such 180 days than in any other district. | |
| | ☒ A bankruptcy case concerning debtor's affiliate, general partner, or partnership is pending in this district. | |

| | | |
|---|---|---|
| 12. **Does the debtor own or have possession of any real property or personal property that needs immediate attention?** | ☒ No | |
| | ☐ Yes. Answer below for each property that needs immediate attention. Attach additional sheets if needed. | |

**Why does the property need immediate attention?** *(Check all that apply.)*

☐ It poses or is alleged to pose a threat of imminent and identifiable hazard to public health or safety.

What is the hazard? _____

☐ It needs to be physically secured or protected from the weather.

☐ It includes perishable goods or assets that could quickly deteriorate or lose value without attention (for example, livestock, seasonal goods, meat, dairy, produce, or securities-related assets or other options).

☐ Other _____

**Where is the property?** _____

Number, Street, City, State & ZIP Code

**Is the property insured?**

☐ No

☐ Yes.    Insurance agency    _____

        Contact name    _____

        Phone    _____

---

### Statistical and administrative information

| | | |
|---|---|---|
| 13. **Debtor's estimation of available funds** | *Check one:* | |
| | ☒ Funds will be available for distribution to unsecured creditors. | |
| | ☐ After any administrative expenses are paid, no funds will be available to unsecured creditors. | |

| 14. **Estimated number of creditors** | | | |
|---|---|---|---|
| | ☒ 1-49 | ☐ 1,000-5,000 | ☐ 25,001-50,000 |
| | ☐ 50-99 | ☐ 5001-10,000 | ☐ 50,001-100,000 |
| | ☐ 100-199 | ☐ 10,001-25,000 | ☐ More than 100,000 |
| | ☐ 200-999 | | |

| 15. **Estimated Assets** | | | |
|---|---|---|---|
| | ☐ $0 - $50,000 | ☒ $1,000,001 - $10 million | ☐ $500,000,001 - $1 billion |
| | ☐ $50,001 - $100,000 | ☐ $10,000,001 - $50 million | ☐ $1,000,000,001 - $10 billion |
| | ☐ $100,001 - $500,000 | ☐ $50,000,001 - $100 million | ☐ $10,000,000,001 - $50 billion |
| | ☐ $500,001 - $1 million | ☐ $100,000,001 - $500 million | ☐ More than $50 billion |

| 16. **Estimated liabilities** | | | |
|---|---|---|---|
| | ☐ $0 - $50,000 | ☒ $1,000,001 - $10 million | ☐ $500,000,001 - $1 billion |
| | ☐ $50,001 - $100,000 | ☐ $10,000,001 - $50 million | ☐ $1,000,000,001 - $10 billion |
| | ☐ $100,001 - $500,000 | ☐ $50,000,001 - $100 million | ☐ $10,000,000,001 - $50 billion |
| | ☐ $500,001 - $1 million | ☐ $100,000,001 - $500 million | ☐ More than $50 billion |

Debtor   MSUR MM LLC
_____ Name _____

Case number (*if known*) _____

| | |
|---|---|
| **Request for Relief, Declaration, and Signatures** | |

**WARNING --** Bankruptcy fraud is a serious crime. Making a false statement in connection with a bankruptcy case can result in fines up to $500,000 or imprisonment for up to 20 years, or both. 18 U.S.C. §§ 152, 1341, 1519, and 3571.

**17. Declaration and signature of authorized representative of debtor**

The debtor requests relief in accordance with the chapter of title 11, United States Code, specified in this petition.

I have been authorized to file this petition on behalf of the debtor.

I have examined the information in this petition and have a reasonable belief that the information is true and correct.

I declare under penalty of perjury that the foregoing is true and correct.

Executed on   March 24, 2026
                      MM / DD / YYYY

X _____
Signature of authorized representative of debtor

Yair Schneid
Printed name

Title   Managing Member

**18. Signature of attorney**

X   /s/ Kevin J. Nash
_____
Signature of attorney for debtor

Date   March 24, 2026
            MM / DD / YYYY

Kevin Nash
Printed name

Goldberg Weprin Finkel Goldstein LLP
Firm name

125 Park Ave
New York, NY 10017-5690
Number, Street, City, State & ZIP Code

Contact phone _____   Email address   knash@gwfglaw.com

1927656 NY
Bar number and State

## COMPANY RESOLUTION IN SUPPORT OF THE CHAPTER 11 FILING

WHEREAS, in accordance with the Company's Operating Agreement dated November 23, 2020, a special meeting of the sole member of MSUR MM LLC (the "Company") having been called and convened on March 17, 2026 by Capital Investment Group III LLC, and upon motion duly made and carried, the following resolutions were adopted:

**RESOLVED**, the Company is authorized to file a voluntary petition for relief under Chapter 11 of title 11 of the United States Code (the "Bankruptcy Code"), in the United States Bankruptcy Court for the Southern District of New York; and it is further

**RESOLVED**, that Yair Schneid is authorized to execute the Chapter 11 petition and all related schedules, statements, reports, applications, and all other pleadings required during the Chapter 11 case, including a plan of reorganization and disclosure statement as required during the bankruptcy case; and it is further

**RESOLVED**, that the Company is authorized to retain the law firm of Goldberg Weprin Finkel Goldstein LLP as counsel under a general retainer to prosecute the Chapter 11 case.

Dated:   New York, New York
March 24, 2026

Capital Investment Group III LLC

By:   _____
Yair Schneid, Manager

UNITED STATES BANKRUPTCY COURT
SOUTHERN DISTRICT OF NEW YORK

------------------------------------------x

In re:                                                        Chapter 11

CIM MM LLC,                                                    Case No.

                          Debtor.

------------------------------------------x

In re:                                                        Chapter 11

MSUR MM LLC,                                                   Case No.

                          Debtor.

------------------------------------------x

## CONSOLIDATED DECLARATION
## PURSUANT TO THE LOCAL BANKRUPTCY RULES

Yair Schneid declares the following under penalties of perjury pursuant to 28 U.S.C. § 1746:

1.    I am the Manager of each of the above-named debtors, CIM MM LLC and MSUR MM LLC (collectively, the "Debtors") and as such I am fully familiar with the facts and circumstances set forth herein.

2.    I respectfully submit this Consolidated Declaration in accordance with Local Bankruptcy Rule 1007-2 in support of the Debtors' respective Chapter 11 cases filed simultaneously herewith. The purpose of this Declaration is to outline the Debtors' respective capital and debt structures, the events leading up to the commencement of the Chapter 11 cases and the Debtors' reorganization strategies.

3.    I anticipate that the respective Chapter 11 cases will be jointly administered. The Debtors are the majority co-owners of the subject property under a Tenant-In-Common Agreement dated April 15, 2021 (the "TIC"). The TIC relates to a certain residential garden apartment complex located in Monticello, New York known as "Woodland Village Apartments" (the "Property").

1

4. The precise ownership of the Property is as follows: CIM MM LLC 25.75%; MSUR MM LLC 62%; and non-debtor Yahalom MM LLC 12.25%.

## Background

5. The Property is located at 475 West Broadway, Monticello, New York and consists of 70 residential garden apartment units (many of which are 2 and 3 bedrooms). The Property is almost fully occupied with a current monthly rent roll of $92,000 per month. The Property was acquired in or about 2021 for approximately $6.0 million, including acquisition mortgage financing provided by Greystone Servicing Company in the principal sum of $4,630,000 (the "Mortgage").

6. The Mortgage was subsequently assigned to Fannie Mae (the current holder), which instituted foreclosure proceedings in Sullivan County based upon highly disputed and contested defaults relating to property conditions. More particularly, the Debtor received notice of a Property Assessment Report in 2024 from Fannie Mae which listed various alleged deficiencies. While the Debtor contested the accuracy and results of the inspection report, the Debtor performed various repairs without Fannie Mae's insistence on the need to establish a separate repair reserve.

7. Repairs were made in the ordinary course of business, while the Debtor continued to pay regular debt service during 2024 and throughout most of 2025. These payments were accepted by Fannie Mae without insistence on a repair reserve.

8. Notwithstanding the foregoing, Fannie Mae suddenly issued a notice of default in late December 2025, seeking to retroactively enforce a default based upon the demand for a repair escrow dating back to 2024. Shortly thereafter, Fannie Mae filed a foreclosure action in the Supreme Court, Sullivan County (Index No. E2026-345) on February 17, 2026.

2

**Exit Strategy**

9.     The Debtors dispute the alleged defaults (particularly any retroactive defaults to 2024) and intend to file a prompt plan of reorganization to cure any legitimate defaults that may be established before the Court, as permitted by 11 U.S.C. Section 1124.

10.     In the interim, the Debtors shall negotiate with Fannie Mae to obtain consent for the use of cash collateral during the Chapter 11 case to pay operating expenses pursuant to an expense budget pending the filing of a cure and reinstatement plan.

**Local Rule 1007-2**

11.     Pursuant to Local Rule 1007-2(a)(2) and (3), no committee of creditors was formed prior to the commencement of these Chapter 11 cases.

12.     Pursuant to Local Rule 1007-2(a)(4), a list of the Debtors' respective twenty (20) largest creditors is included as part of each petition filed herewith.

13.     Pursuant to Local Rule 1007-2(a)(5), the Property is subject to a senior mortgage held by Fannie Mae as set forth above.

14.     Pursuant to Local Rule 1007-2(a)(6), the Debtors' assets and liabilities will be set forth in a full set of schedules and statements to be filed within fourteen (14) days.  The Debtor's main asset, however, consists of the Property which is believed to have a fair market value of approximately $8 million.

15.     Pursuant to Local Rule 1007-2(a)(7), the membership interests of each Debtor are set forth in the respective Statement of Equity Holders.

16.     Pursuant to Local Rule 1007-2(a)(8), a receiver was appointed on March 23, 2026 but has not taken possession.

17.     Pursuant to Local Rule 1007-2(a)(9), the Property is located in Monticello, New York.

18.     Pursuant to Local Rule 1007-2(a)(10), the Debtors' respective books and records are located in my offices in New Jersey or at my residence in Suffern, NY.

19.     Pursuant to Local Rule 1007-2(a)(11), a list of pending lawsuits is attached hereto for each of the Debtors.

20.     Pursuant to Local Rule 1007-2(a)(12), I am the manager of each of the Debtors and serve in this capacity without compensation.

Dated: New York, NY
       March 24, 2026

Yair Schneid, Manager

4

UNITED STATES BANKRUPTCY COURT
SOUTHERN DISTRICT OF NEW YORK
------------------------------------------------------------x
In re:                                                          Chapter 11

MSUR MM LLC,                                                     Case No.

                                Debtor.
------------------------------------------------------------x

## LIST OF EQUITY HOLDERS

- Malcolm Shabbaz Urben Renewal P4 LLC, 100%


Dated: New York, New York
        March 24, 2026

                                        _____
                                        Yair Schneid, Manager

UNITED STATES BANKRUPTCY COURT
SOUTHERN DISTRICT OF NEW YORK

-------------------------------------------------------------------x

In re:                                                    Chapter 11

MSUR MM LLC,                                               Case No.

                          Debtor.

-------------------------------------------------------------------x

## LIST OF LAWSUITS

- *Federal National Mortgage Association v. CIG MM LLC, MSUR MM LLC, YAHALOM MM LLC, Yair Schneid, New York State Department of Taxation and Finance and John Doe 1 through 180*, Supreme Court of the State of New York, County of Sullivan, NYSCEF #E2026-345.

Dated: New York, New York
       March 24, 2026

                                    _____
                                    Yair Schneid, Manager

UNITED STATES BANKRUPTCY COURT
SOUTHERN DISTRICT OF NEW YORK
-----------------------------------------------------------------x

In re:                                                          Chapter 11

MSUR MM LLC,                                                     Case No.

                                  Debtor.

-----------------------------------------------------------------x

### BANKRUPTCY RULE 7007.1 AND S.D.N.Y. LBR 1007-3
### CORPORATE OWNERSHIP STATEMENT

Pursuant to Bankruptcy Rule 7007.1 and S.D.N.Y. LBR 1007-3, MSUR MM LLC

certifies that it is a private non-governmental party, and has no corporate parent, affiliates and/or

subsidiaries which are publicly held.


Dated: New York, New York
       March 24, 2026


By: _____
    Name: Yair Schneid
    Title:  Manager

## United States Bankruptcy Court
### Southern District of New York, Poughkeepsie Division

In re  MSUR MM LLC

Debtor(s)

Case No.

Chapter    11

# VERIFICATION OF CREDITOR MATRIX

I, the Managing Member of the corporation named as the debtor in this case, hereby verify that the attached list of creditors is true and correct to the best of my knowledge.

Date:    March 24, 2026

Yair Schneid/Managing Member
Signer/Title

**Consolidated Creditor Matrix**

Capital Investment Group
1405 N Broad St., Suite 210
Hillside, NJ 07205

Capital Investment Group IV
1405 N Broad St., Suite 210
Hillside, NJ 07205

Capital Investment Group Bartlett
PO Box 631
Pomona, NY 10970

Capital Investment Group Broad
1405 N Broad St., Suite 210
Hillside, NJ 07205

Capital Investment Group Hillside
1405 N Broad St., Suite 210
Hillside, NJ 07205

Capital Investment Group Mt Airy
180 Mt Airy Rd.
Basking Ridge, NJ 07920

Capital Investment Group Property Management
1405 N Broad St., Suite 210
Hillside, NJ 07205

Derrek Hilliard Home Improvement
51 Halley Dr.
Pomona, NY 10970

Fannie Mae
5600 Granite Parkway VII
Plano, TX 75024

Fannie Mae, c/o Preston Zarlock, Phillips Lytle LLP
One Canalside, 125 Main Street
Buffalo, NY 14203

Francesco Valente
7 Heritage Drive, Unit G
Harriman, NY 10926

Hawthorne Partners
1405 N Broad St., Suite 210
Hillside, NJ 07205

Ian Lagowitz
1370 Avenue of the Americas
30th Floor
New York, New York 10019

Malcolm Shabbaz Urban Renewal 875 LLC
1405 N Broad St, Suite 210
Hillside NJ 07205

Town of Thompson Tax
P.O. Box 240
Monticello, NY 12701

Village of Monticello School District
60 Jefferson Street, Suite 3
Monticello, NY 12701

Village of Monticello Tax, c/o Sullivan County Treasurer
100 N Street
Monticello, NY 12701

Village of Monticello Water & Sewer
2 Pleasant S.
Monticello, NY 12701

West End Partners
P.O. Box 631
Pomona, NY 10970

Yair Schneid
1 Wood Lane
Suffer, NY 10901